UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ERIC F., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C20-0087 RAJ <br><br> **ORDER AFFIRMING DENIAL OF BENEFITS** |

Plaintiff seeks review of the denial of his applications for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the ALJ erred by (1) rejecting the opinions of Joseph Jemsek, M.D., (2) rejecting the opinions of Susan Marra, N.D., and (3) accepting the opinions of Steven Goldstein, M.D. Pl. Op. Br. (Dkt. 17), pp. 1–2. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and

ORDER AFFIRMING DENIAL OF BENEFITS - 1

**DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is 36 years old, has a high school education, and has worked as a household appliances salesperson. Admin. Record ("AR") (Dkt. 15) 64, 241, 824. On August 14, 2013, Plaintiff applied for benefits, alleging disability as of February 10, 2012. AR 64–65, 193–216. Plaintiff's applications were denied initially and on reconsideration. AR 64–85, 88–111. After the ALJ conducted a hearing on February 4, 2015, the ALJ issued a decision finding Plaintiff not disabled. AR 12–21.

Plaintiff then sought review in this Court. *See* AR 949–50. On February 15, 2017, Chief District Judge Ricardo Martinez entered an Order granting the parties' stipulated request for remand. AR 956–57. The Order provided Plaintiff would have the opportunity to submit additional evidence and have a new hearing, the ALJ would reconsider Plaintiff's residual functional capacity ("RFC"), the ALJ would reevaluate the opinions of Dr. Jemsek and Dr. Marra, and the ALJ would seek supplemental vocational expert testimony as needed. *Id.*

On remand, the ALJ held a new hearing on Plaintiff's claims in January 2019. *See* AR 835–910.[1] The ALJ issued a new decision on January 29, 2019, again finding Plaintiff not disabled. *See* AR 809–26. In relevant part, the ALJ found Plaintiff had severe impairments of Lyme disease, migraines, depressive disorder, anxiety disorder,

---

[1] The ALJ held an earlier hearing on January 10, 2018, but did not take testimony at that time. *See* AR 911–24.

ORDER AFFIRMING DENIAL OF BENEFITS - 2

and substance addiction/abuse disorders. AR 812. The ALJ found Plaintiff's impairments, including the substance use disorders, would meet a listing, but that Plaintiff would not meet a listing if he stopped substance use. *See* AR 813–16. The ALJ found, if Plaintiff stopped substance use, Plaintiff would have the RFC to perform work at the medium exertional level, but must be allowed to wear shaded lenses or sunglasses. AR 816. Plaintiff had mental limitations such as restriction to understanding, remembering, and carrying out simple instructions, and performing work in which little specific vocational preparation was needed. *See id.* Plaintiff had social limitations, such as no teamwork, and no public contact. *See id.*

The Appeals Council considered Plaintiff's exceptions to the ALJ's decision, but found no reason to assume jurisdiction. *See* AR 799–802.

## DISCUSSION

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole. *Ford v. Saul*, 950 F.3d 1141, 1153–54 (9th Cir. 2020).

### A. Dr. Jemsek's Opinions

Dr. Jemsek submitted two statements of opinion. AR 793–94, 798. On January 5, 2015, Dr. Jemsek signed a completed questionnaire prepared by Plaintiff's counsel. AR 793–94. Dr. Jemsek opined Plaintiff was "100% disabled due to chronic Lyme [disease]." AR 793. Dr. Jemsek agreed Plaintiff had exhibited symptoms and limitations from Lyme disease including frequent severe fatigue, eye pain, eye pressure,

photophobia, ear pressure, ear pain, migraine headaches, impaired concentration and attention, throat swelling, low grade fevers, night sweats, polydipsia, dizziness, lightheadedness, motion sensitivity, and altered depth perception. AR 794. Dr. Jemsek agreed Plaintiff would have required multiple unscheduled work breaks of 15–30 minutes in addition to the standard three breaks employers provide. *Id.* Dr. Jemsek opined Plaintiff would be absent from work for three or more days a month. *Id.*

In a letter dated April 22, 2015, Dr. Jemsek wrote that "appropriate diagnosis [of Lyme disease] may be challenging for those in the medical community unfamiliar with the signs and symptoms of the illness, and misdiagnosis or inadequate treatment can be common." AR 798. Dr. Jemsek added Plaintiff's "symptomatology has remained essentially unchanged, and his signs and symptoms continue to be consistent with his diagnosis." *Id.*

The ALJ gave little weight to Dr. Jemsek's opinions. AR 821. The ALJ reasoned Dr. Jemsek's treatment records did not support his opinions, as Plaintiff's documented presentation was generally normal. *Id.*

Plaintiff has failed to show the ALJ harmfully erred in rejecting Dr. Jemsek's opinions. *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) (citing *Shinseki v. Sanders*, 556 U.S. 396, 407–09 (2009)) (holding the party challenging an administrative decision bears the burden of proving harmful error). An ALJ may reject a treating doctor's opinions when they are unsupported by objective medical evidence. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). The record indicates Dr.

ORDER AFFIRMING DENIAL OF BENEFITS - 4

Jemsek saw Plaintiff for in-person exams seven times, and had another four telephone consultations.  *See* AR 786–92, 1199–1216.  In those records, the objective findings were generally normal other than Plaintiff's wearing of dark sunglasses in a dark room.  *See id.*  Dr. Jemsek noted IgeneX and CDC tests supported a Lyme disease diagnosis, but did not point to any objective findings supporting the symptoms and limitations to which he opined.  *See* AR 789, 791.  The ALJ reasonably concluded this was not enough to support Dr. Jemsek's opinions indicating Plaintiff was unable to work.  The ALJ thus did not harmfully err in rejecting Dr. Jemsek's opinions.

### B. Dr. Marra's Opinions

Dr. Marra signed the same questionnaire Dr. Jemsek signed.  *See* AR 793–94.  Just like Dr. Jemsek, Dr. Marra opined Plaintiff was completely disabled, would have required multiple unscheduled work breaks, and would be absent from work for three or more days a month.  *Id.*

The ALJ gave Dr. Marra's opinions little weight.  AR 821. The ALJ reasoned Dr. Marra's opinions were "inconsistent with the minimal physical examination findings throughout the relevant period."  *Id.*

Dr. Marra, as a naturopathic doctor, is not an acceptable medical source under the Commissioner's regulations.  *See Bales v. Berryhill*, 688 F. App'x 495, 497 (9th Cir. 2017); 20 C.F.R. §§ 404.1502(a), 416.902(a).  The ALJ therefore needed to provide germane reasons for rejecting Dr. Marra's opinions.  *See Dale v. Colvin*, 823 F.3d 941, 943 (9th Cir. 2017) (citing *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012)).

Plaintiff has failed to show the ALJ harmfully erred in rejecting Dr. Marra's opinions. *See Ludwig*, 681 F.3d at 1054 (citing *Shinseki*, 556 U.S. at 407–09). An ALJ may reasonably reject a doctor's opinions when they are inconsistent with or contradicted by the medical evidence. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). The ALJ reasonably determined Dr. Marra's opinions were inconsistent with the minimal physical exam findings throughout the relevant period. *See* AR 681, 686, 693, 696, 700, 749–51, 770, 788, 1207, 1209, 1211, 1213–16, 1666, 1697. The only obviously abnormal findings in the record are Plaintiff's sensitivity to light, but his ophthalmology results were negative. *See* AR 409, 452, 492, 507, 533, 562, 659, 677. The ALJ therefore did not harmfully err in rejecting Dr. Marra's opinions.

**C.     Dr. Goldstein's Opinions**

Plaintiff argues the ALJ erred by accepting Dr. Goldstein's opinions. Pl. Op. Br., pp. 6–8. Plaintiff argues Dr. Goldstein was not qualified to testify as an expert on Plaintiff's Lyme disease. *Id.* Plaintiff further argues the ALJ erred in giving great weight to Dr. Goldstein's opinions over those of Dr. Jemsek, who Plaintiff avers "is a leading specialist in the treatment of Lyme disease." Pl. Op. Br., pp. 6–7.

Dr. Goldstein testified as an impartial expert at the January 2019 hearing. *See* AR 844–57. Dr. Goldstein opined Plaintiff could not maintain a job due to his drug and alcohol addiction. AR 846. He opined Plaintiff may have chronic Lyme disease, but opined nothing in the record supported a functional limitation due to this diagnosis. *See* AR 847, 851–52. Dr. Goldstein admitted, however, that he had not treated a case of

Lyme disease, as it is not prevalent in the area in which he lives.

The ALJ gave Dr. Goldstein's opinions significant weight, except to the extent Dr. Goldstein opined Plaintiff had no physical limitations in the absence of substance use. AR 820–21.  As noted above, the ALJ found Plaintiff was limited to medium exertional work.  AR 816.

Plaintiff has again failed to show harmful error.  *See Ludwig*, 681 F.3d at 1054 (citing *Shinseki*, 556 U.S. at 407–09).  First, Plaintiff points to no authority establishing that a doctor must have treated a disease to qualify as an expert on it.  Dr. Goldstein is a board-certified neurologist who completed residencies in neurology and internal medicine.  AR 809–10, 1731.  The ALJ reasonably concluded this training covered "a wide variety of diagnoses, including Lyme disease."  AR 810.

Second, the ALJ was not required to accept Dr. Jemsek's opinions over Dr. Goldstein's simply because Plaintiff alleges Dr. Jemsek was a leading specialist in the treatment of Lyme disease.  The ALJ reasonably rejected Dr. Jemsek's opinions, as discussed above.  The ALJ was therefore free to accept Dr. Goldstein's opinions.  *See Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1223 (9th Cir. 2010).

Plaintiff further argues new and material evidence shows that rejection of Dr. Jemsek's opinions in favor of Dr. Goldstein's opinions was improper.  Pl. Op. Br., p. 2.  But Plaintiff points to no new and material evidence, and the record reveals none.  *See* Pl. Op. Br., pp. 7–8; AR 827–834.  Plaintiff has thus waived any argument regarding new and material evidence.  *See Independent Towers of Wash. v. Wash.*, 350 F.3d 925, 929

(9th Cir. 2003).  Plaintiff has thus failed to show the ALJ harmfully erred in accepting Dr. Goldstein's opinions.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and the case is **DISMISSED** with prejudice.

DATED this 23rd day of September, 2020.

_____

The Honorable Richard A. Jones
United States District Judge